**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN L. SULLIVAN, JR.,

    Plaintiff,

v.                                          Case No. 08-CV-12731

DETROIT POLICE DEPARTMENT, et al.,

    Defendants.

                                                 /

**ORDER SETTING STATUS CONFERENCE
(TELEPHONE)**

Pending before the court is Defendants' "Motion for Leave to Serve Additional Interrogatories," to which Plaintiff filed a tardy response[1] and intimated that the information Defendants sought via additional interrogatories had already been provided.  The court is unclear about the details of the matter, however, and will require a further explanation to determine if the motion is now moot. The parties will therefore attend, via telephone, a status conference regarding the pending motion.[2]

---

[1] Defendants' motion was filed on January 16, 2009.  Per Federal Rule of Civil Procedure 6(d) and Eastern District of Michigan Local Rule 7.1(d)(2)(B), Plaintiff's response was due on or before February 2, 2009.  Plaintiff's response was not filed until two days later, on February 4, 2009.

[2] Before deciding whether to *sua sponte* terminate the motion as moot, the court attempted to determine the parties' positions. On February 6, 2009, the court's staff reached Plaintiff's counsel at his office, but found him uncooperative with the effort to schedule a later conference call, in that he would be out of his office but would not provide the number of the wireless telephone that he would have with him and at which could be reached.  Indeed, when the court's case manager inquired again to insure that she understood that he was in fact refusing to provide a contact number to the court, Plaintiff's counsel's replied that he was,

Accordingly, IT IS ORDERED that counsel for Plaintiff and Defendants are required to attend, via telephone and on the record, a status conference on **February 9, 2009 at 11:30 a.m.**  Counsel for defendant should be prepared to explain whether he finds that the motion has become moot by Plaintiff's (perhaps tardy) production, and if not why not. He should also be prepared to quantify and attach a value to the attorney time and other expense that was required to initially bring the matter before the court by motion. The court intends to consider whether to require Plaintiff's counsel to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," *See* Fed.R.Civ.Pro. 37(a)(5), as it appears that the motion precipitated the disclosure of at least some of the information sought.

IT IS FURTHER ORDERED that not later than **10:00 a.m. on February 9,** each attorney provide the court's case manager a telephone number at which he will be able to be reached at 11:30 a.m.

                                    s/Robert H. Cleland  
                                    ROBERT H. CLELAND  
                                    UNITED STATES DISTRICT JUDGE

Dated:  February 6, 2009

---

and that he "would not be bullied" by the case manager or, for that matter, by the court. It is this reaction of Plaintiff's counsel that has necessitated the February 9 conference.

2

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 6, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\08-12731.SULLIVAN.Order.Tele.Conf.eew.wpd