UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN L. SULLIVAN, JR.,

    Plaintiff,

v.   Case No. 08-CV-12731

DETROIT POLICE DEPARTMENT, et al.,

    Defendants.
                               /

**ORDER DENYING PLAINTIFF'S MOTION TO CLARIFY**

Plaintiff has filed a "Motion to Clarify and in the Alternative to Amend the Court's Order Setting Status Conference." No response is required, as the telephone status conference mentioned in that order has now occurred.

In the order setting that conference, [Dkt. #25] the court noted a report received from the court's staff that indicated that Plaintiff's counsel was not cooperative with the court's case manager's effort to quickly schedule a conference call and that he refused to provide her the number of his cellular telephone. The court noted that Plaintiff's counsel's uncooperativeness "necessitated the February 9 conference." Plaintiff's counsel asserts that the court's comments "do not contain the entire scope and tenor of the conversation" with the court's staff. Counsel seeks to "clear up any mis-perceptions [sic] of the court regarding the phone conversation . . . ."

Counsel further avers that the court's case manager "demand[ed] that counsel appear in court immediately," that her "tone and demeanor was

perceived by counsel and others as disrespectful and intransigent," and that counsel "made every effort to accommodate the court." Counsel asks that the court delete footnote two of the order –where all the court's comments about counsel's uncooperativeness are found– so that the record does not incompletely or inaccurately "capture the tenor and spirit of the conversation it references."

There are at least four things forestalling the court's acceptance of Plaintiff's counsel's accusation of the court's case manager dealing with him in a way that would be fairly perceived as "disrespectful and intransigent."

*First,* the case manager would not, and in this case did not, "demand that counsel appear in court immediately" for a previously unscheduled conference.

*Second,* this judge's ten years of working side-by-side with the case manager and his knowledge of her practices reveals a person who is highly skilled and experienced, ordinarily understanding with attorneys when they require reasonable flexibility but quite firm when the necessity arises;

*Third,* the case manager enjoys an impeccable reputation in the legal community for quality work;

*Fourth,* this judge was standing in the workspace adjoining the case manager's office and was able to hear much of her conversation –especially in the later stages– including her overall "tone and demeanor."  The court is comfortable with the accuracy of the comments set forth in footnote two of the February 6, 2009, order, and will not amend or delete them.

IT IS ORDERED that Plaintiff's "Motion to Clarify and in the Alternative to

Amend the Court's Order Setting Status Conference" [Dkt. #26] is DENIED.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated:  February 11, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 11, 2009, by electronic and/or ordinary mail.

                                            s/Lisa G. Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522