UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN L. SULLIVAN, JR.,

    Plaintiff,

v.                                               Case No. 08-CV-12731

DETROIT POLICE DEPARTMENT, et al.,

    Defendants.
                                       /

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION IN LIMINE**

    Plaintiff has filed a single "Motion in Limine," comprised of ten separate motions in limine. Defendants filed a response, late but within the moderately extended time the court had permitted. It is often the case that insufficient context is provided in such motions to allow the court to fully gauge the nature and potential impact of evidentiary questions such as these. For the reasons stated below, the court will grant Plaintiff's motion in part and deny it in part.

**1. Evidence of Plaintiff's Alleged "Drug Habit"**

    Plaintiff states that it "is anticipated that [Defendants] will attempt to introduce evidence . . . that they were told Plaintiff has/had 'a drug habit.'" (Pl.'s Mot. at 3.) Plaintiff argues that any evidence of such a habit should be excluded both as hearsay and because the evidence "is completely irrelevant to any issue in this case." (*Id.*) Defendants respond that any evidence of a drug habit "came directly from [Plaintiff]" (Defs.'s Resp. at 4), and is relevant as context for an alleged confrontation between Plaintiff and his wife (*id.* at 5). Based only upon the arguments presented, the court

cannot conclude that evidence related to an alleged drug habit or drug use must be, in all possible incarnations, excluded. The court does not know, for example, whether there were statements related to such matters uttered on the scene by Plaintiff or his allegedly assaulted wife that came to the officers' attention and played a role in their collective perception, affecting and explaining the manner in which they dealt with Plaintiff. Such statements might well be admissible, but without context and further information, Plaintiff's motion must be denied, subject to Plaintiff's continuing ability to raise specific objections at trial.

**2. Evidence of Plaintiff's Misdemeanor Convictions for Domestic Violence**

Plaintiff next seeks to exclude any introduction of his prior misdemeanor conviction for domestic assault. He argues that "Defendants will attempt to offer the domestic violence conviction . . . to prove conduct in conformity," in violation of Federal Rule of Evidence 404(b). (Pl.'s Mot. at 5.) Defendants respond that the evidence would be offered only if Plaintiff "claims that he did not hit his wife or hit her by accident," at which time it would be used to impeach Plaintiff. (Defs.'s Resp. at 6.) Without context, the court is unable to determine whether the evidence might be used for an improper purpose such as proving conduct in conformity with prior behavior. While it is true that a misdemeanor conviction not involving false statement or dishonesty, as such, is generally not admissible to degrade a witnesses's credibility, Fed. R. Evid. 609(a)(2), it is nonetheless conceivable that Plaintiff's witnesses' direct testimony might make relevant certain aspects of Plaintiff's criminal history. Therefore, Plaintiff's motion is denied, subject to Plaintiff's continuing ability to raise specific objections at trial.

### 3. Evidence of Plaintiff's Mental Health Status and Medications

Plaintiff, without explanation, states that "[i]t is anticipated that Defendants will argue at trial that Plaintiff is schizophrenic, or 'insane.'" (Pl.'s Mot. at 7.) Further, Plaintiff asserts, again without analysis, that evidence of Plaintiff's mental status or medication has no probative value. (*Id.* at 9.) Defendants counter that "Plaintiff claims that as a result of [Defendants'] conduct, he sustained . . . emotional psychological [sic] damages," and has therefore placed his mental health at issue. (Defs.'s Resp. at 6.) The court in general agrees that to the extent a Plaintiff seeks to introduce evidence of emotional or psychological damages, he has placed his mental health at issue, entitling Defendants to introduce such evidence of Plaintiff's mental health as might be necessary to support a counter-argument. Plaintiff's motion, as to this point, is denied.

### 4. Evidence of an Argument between Plaintiff and his Wife

Plaintiff also seeks to exclude any evidence of an argument between Plaintiff and his wife, arguing that its introduction would have "no probative, only prejudicial, value." (Pl.'s Mot. at 10.) The court, however, can easily envision circumstances in which the evidence could have probative value. It appears undisputed that the officers were dispatched to Plaintiff's home in response to a call from a daughter of Plaintiff's wife reporting that she feared that an assault during a fight had taken place. Evidence relating to the reported "fight" could be admissible to provide background for Plaintiff's behavior in reaction to Defendants' presence at his home, or as to further explain Defendants' version of Plaintiff's reaction to their presence. Without the development of contextual questions at trial, the court certainly cannot determine that all evidence of the

argument – outside of the information "known to Defendants" (*id.* at 9) – should be excluded. Plaintiff's motion is therefore denied.

### 5. Evidence or Argument about Police Injuries/Deaths in Unrelated Incidents

Plaintiff "is concerned that Defendants may seek . . . [to] mention[] unrelated incidents in which police officers have been injured or killed," or that Defendants "may seek to persuade the jury to return a defense verdict to show support for the work done by police officers." (*Id.* at 10-11.) Defendants respond that "[t]he parties are in agreement on this point" (Defs.'s Resp. at 7), and Plaintiff's motion is mooted by agreement.

### 6. Evidence of Collateral Source Payments

Plaintiff seeks to exclude evidence of his alleged "modest disability benefits" and "health care insurance" because, he argues, the jury "might withhold his measure of relief on the basis of 'collateral source' payments." (*Id.* at 11.) Defendants argue in response that, in measuring any potential damages, Plaintiff must "distinguish those injuries that [had] render[ed] him 'disabled' from those injuries he attributes to the basis for this lawsuit." (Defs.'s Resp. at 8.) Based purely on the argument presented to the court at this point, devoid of any factual support for Plaintiff's assertion of a preexisting disability as differentiated from his claim of disabling damage as a result of Defendants' actions, the court cannot conclude that evidence of collateral source payments are entirely irrelevant. Therefore, Plaintiff's motion is denied, subject to Plaintiff's ability to raise specific objections at trial as they might relate to this subject.

### 7.  Evidence of Defendants' Financial Status

Plaintiff asks the court to exclude Defendants from "offering testimony about their purported poverty or inability to pay a punitive damage award." (Pl.'s Mot. at 12.) Defendants counter that Plaintiff should be barred from reference to Defendants' employer's indemnification policy or ability to pay any jury verdict. (Defs.'s Resp. at 8.) The court agrees, in part.  A Defendant's financial status may generally be considered by a jury in determining a level of punitive damages if such are potentially due, *Johnson v. Howard*, 24 F. App'x 480, 488 (6th Cir. 2001), but if unrelated to this point such evidence would be irrelevant and should be excluded.  The motion as to this matter is therefore granted in part.

### 8.  Evidence of Defendants' Failure to Receive Notice

Next, Plaintiff argues that Defendant officers should not be able to claim that they did not receive notice of Plaintiff's preliminary examination in state court. (Pl.'s Mot. at 12.)  Specifically, Plaintiff requested a "Subpoena Book," which he argues is missing "the pages for dates which Defendants in this case would have signed for service of the subpoenas." (Defs.'s Resp. at 13.)  Defendants counter that any claim of tampering is unsubstantiated and that all pages of the book were provided.  The court has been provided with no documentary evidence by either party, and in any event is not persuaded that Defendants' notice, or lack thereof, of Plaintiff's preliminary examination, is a relevant subject for this trial.  The court cannot imagine, and the parties do not explain, how such evidence would bear upon the decisions made at the time of Plaintiff's arrest.  Therefore, to the extent Plaintiff seeks to prohibit Defendants from discussing their alleged lack of notice, Plaintiff's motion is granted unless Plaintiff raises

the issue in his case.  Also, beyond conclusory statements, Plaintiff provides no evidence of spoliation of the "subpoena book," and the court does not intend to instruct the jury to draw an adverse inference based on this subject matter.

### 9.  Defendants' Witnesses

Plaintiff avers that, because Defendants did not file a witness list in compliance with the deadlines set forth in the court's scheduling order, Defendants should be prevented from calling any expert or lay witnesses.  (Pl.'s Mot. at 16.)  While the court again must remind Defendants' counsel of his obligation to adhere to established deadlines, Defendants' counsel represented to the court, during a conference on June 15, 2009, that he would only be examining those witnesses already on Plaintiff's witness list.  Defendants have confirmed this intention in their current response.  The court finds that precluding Defendants from calling any witness would not serve the interest of justice in this case.  Defendants will be permitted to rely on a full examination of the same witnesses "as listed by the Plaintiff in his Witness List." (Defs.'s Resp. at 9.)

### 10.  Plaintiff's Videotape Testimony

Finally, Plaintiff seeks to use the videotaped deposition testimony of two experts – Dr. Wolford and Dr. Mullan.  (Pl.'s Mot. at 21-22.)  Defendants object that they received less than eleven days notice of the experts' depositions and thus the depositions cannot be used at trial pursuant to Federal Rule of Civil Procedure 32(a).  Federal Rule of Civil Procedure 32(a)(5)(A) prohibits the use of depositions where less than eleven days notice was given, where the party "promptly moved for a protective order . . . and this motion was still pending when the deposition was taken." Fed. R.

Civ. P. 32(a)(5)(A). Defendants do not argue that a motion for a protective order was filed, and thus their argument fails.

Defendants also argue that the experts are available and will be located within one hundred miles during trial, and therefore the taped depositions should not be allowed, pursuant to Federal Rule of Civil Procedure 32(a)(4)(B). During a June 15, 2009 conference, Defendants' counsel informed the court that he was present at the experts' depositions and had ample opportunity for cross-examination. Further, Federal Rule of Civil Procedure 32(a)(4)(E) allows the use of deposition testimony at trial where, upon motion, notice, and exceptional circumstances, the interests of justice make such use desirable. Fed. R. Civ. P. 32(a)(4)(E). It was this court's acceleration of the schedule for trial that precipitated, in part, Plaintiff's experts' professional conflicts with in-court appearances. (Pl.'s Mot. at 21-22.) Further, Plaintiff provided Defendants notice and opportunity for cross-examination, and has moved, in effect, to use the deposition testimony at trial through this motion in limine. Paying due regard to the importance of live testimony, and in light of the fact that a videotape – including Defendants' counsel's cross-examination – will allow the jury to evaluate the experts' credibility, the court finds a sufficient basis exists to allow Plaintiff's two experts to testify via a properly edited and succinct videotaped appearance. Plaintiff's motion in limine is granted.

Accordingly, IT IS ORDERED that Plaintiff's "Motion in Limine" [Dkt. #39] is GRANTED IN PART. Specifically, it is GRANTED to the extent of portions of ## 7, 8, and 10. It is DENIED or declared MOOT as to all other portions, subject to specific

objections at trial, as noted above.

                                           s/Robert H. Cleland
                                           ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

Dated: June 17, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 17, 2009, by electronic and/or ordinary mail.

                                           s/Lisa G. Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522